UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOE S. BLEVINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 1:07-CR-84-CLC-SKL-4 |
| | ) | 1:16-CV-218-CLC |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1296]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on July 25, 2016 [Doc. 1301]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's § 2255 motion [Doc. 1296] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  **BACKGROUND**

In 2007, Petitioner pleaded guilty and was convicted of conspiring to manufacture and distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A) [Presentence Investigation Report (PSR) ¶¶ 2, 13–14]. The United States Probation Office held Petitioner responsible for 1.931 kilograms of methamphetamine mixture, which yielded a base offense level of thirty-four and, after a three-level reduction for acceptance of responsibility, a total offense level of thirty-one [*Id.* ¶¶ 28, 34, 37]. The PSR assigned Petitioner

six criminal history points because of his two prior convictions—a Tennessee conviction for manufacturing a controlled substance and an Alabama conviction for possessing a short-barrel shotgun, resulting in a Guideline range of 151 to 188 months' imprisonment [Id. ¶¶ 40–42, 59]. The United States filed a timely notice of enhancement in accordance with § 851, meaning Petitioner faced an enhanced 240-month mandatory minimum [*Id.* ¶¶ 57–59; Doc. 451]. This Court sentenced Petitioner to 240 months' imprisonment [Docs. 676, 903], Petitioner appealed, and the Sixth Circuit affirmed Petitioner's conviction and sentence on April 30, 2009 [Doc. 1024].

Seven years later—on June 17, 2016—Petitioner submitted the instant motion seeking collateral relief in light of the *Johnson* decision [Doc. 1296].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under § 924(e), enhancement as a career-offender

under Section 4B1.1 of the United States Sentencing Guidelines, or application of an enhanced base offense level under Section 2K2.1 of the same fails because the record conclusively demonstrates he was never subjected to these provisions [PSR ¶¶ 2, 13–14, 28, 34, 37, 40–42, 57–59].[1]

To the extent Petitioner complains that he received criminal history points for prior convictions that were not violent in their nature, the *Johnson* decision is inapposite. Each prior conviction that resulted in criminal history points did so because it constituted a prior "sentence of imprisonment exceeding one year and one month" under Section 4A1.1(a), prior "sentence of

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., an adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2).

imprisonment of at least sixty days" under Section 4A1.1(b), or otherwise qualified under Section 4A1.1(c), not because it was a "crime of violence" under the ACCA residual clause.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 1296] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/*
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**